# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

BOBBY JOE SMITH II,　　　　　　　)
　　　　　　　　　　　　　　　　)
　　　　　　Petitioner,　　　　　　)
　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　)　Case No. CIV 12-314-RAW-KEW
　　　　　　　　　　　　　　　　)
ROBERT PATTON, DOC Director,　　)
　　　　　　　　　　　　　　　　)
　　　　　　Respondent.　　　　　)

## REPORT AND RECOMMENDATION

This matter is before the Magistrate Judge on petitioner's petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner, an inmate currently incarcerated at Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in Marshall County District Court Case No. CF-2009-100 for Second Degree Rape (Count 1) and Lewd Molestation (Count 2), both after conviction of two felonies. He raises the following grounds for relief:

    I.    Denied Due Process rights to fair trial, several areas apply to this ground which can be divided by Counts. Corrupt premature disclosure of Murray County Case info presented as proof of prior offenses of other bad acts which were unadjudicated, and pending jury trial after plea of not guilty. I was not given fair defense in that pending information nor the entitled presumption of innocence.

    II.    Double Punishment - Tried and convicted twice by the same information where State disclosed CF-2009-101. March 1, 2010, at jury under collr [sic] of CF-2009-100 as fact and allegations and witnesses and [sic] evidences [sic] and asked jury to consider "all" of the information - recommending sentence and judgment.

    III.    Intentionally Ineffective Assistance of Counsel and Appellate Counsel Appointed by the Court. Refusal to raise viable issues of plain error or corrupt - illegal search and seizure of highly objectional [sic] information and fabricated DNA evidence insufficient and false.

IV. Illegal Search and Seizure by bias [sic] investigative officer Dale Faulkner, Donald Yow, Doug Blevins, and Denny Raley of Marshall County w/ intent to deprive defendant of privacy, and requirement of authentication, and/or alternative questions of description etc., fabricated altered (fraudulent) photos and attempt to falsely allege false disposition from John and Sons Wrecker, etc.

The respondent has submitted the following records to the court for consideration in this matter:

A. Petitioner's direct appeal brief.

B. The State's brief in petitioner's direct appeal.

C. Summary Opinion affirming petitioner's judgment and sentence. *Smith v. State*, No. F-2010-363 (Okla. Crim. App. June 7, 2011).

D. Order Denying Petitioner's Application for Post-Conviction Relief. *State v. Smith*, No. CF-2009-100 (Marshall County Dist. Ct. Jan. 17, 2012).

E. Order Denying Petitioner's Second Application for Post-Conviction Relief. *State v. Smith*, No. CF-2009-100 (Marshall County Dist. Ct. Jan. 24, 2012)

F. Excerpt of transcript from petitioner's jury trial held on March 1, 2010.

G. The State's Notice of Intent to Offer Evidence of Defendant's Commission of Another Offense of Sexual Assault, filed on October 30, 2009.

H. Petitioner's second application for post-conviction relief.

I. Denial of Intent to Appeal and Designation of the Record. *State v. Smith*, No. 2009-100 (Marshall County Dist. Ct. Jan. 24, 2012).

J. Transcripts of jury trial in Marshall County District Court Case No. 2009-100.

(Dkts. 19-20).

**Standard of Review**

Under the Anti-Terrorism and Effective Death Penalty Act, federal habeas corpus relief is proper only when the state court adjudication of a claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**Ground I: Sexual Propensity Evidence**

Petitioner alleges in Ground I that the admission of sexual propensity evidence denied his due process rights and his right to a fair trial. He specifically argues it was error to admit evidence of his continual molestation of J.W. and the rape of B.V. The respondent asserts the admission of this evidence at trial fails to raise a cognizable issue for federal habeas corpus relief, as petitioner has failed to show the admission of the evidence denied him a fundamentally fair trial. This claim first was asserted on direct appeal, and the Oklahoma Court of Criminal Appeals denied relief as follows:

> We find in Proposition I that propensity evidence was properly admitted, Okla. Stat. tit. 12, § 2414; *James v. State*, 204 P.3d 793, 796-97 (Okla. Crim. App. 2009); *Horn v. State*, 204 P.3d 777. 786 (Okla. Crim. App. 2009). The State met the requirement to give pretrial notice of propensity evidence. Okla. Stat. tit. 12, § 2414. Propensity evidence must be proved by clear and convincing evidence, and its prejudicial effect may not substantially outweigh its probative value. *Johnson v. State*, 250 P.3d 901, 903 (Okla. Crim. App. 2010). In making this determination a trial court must consider, at a minimum, "1) how clearly the prior act has been proved; 2) how probative the evidence is of the material fact it is admitted to proved; 3) how seriously disputed the material fact is; and 4) whether the government can avail itself of any less prejudicial evidence." *Id*. Factors bearing on the prejudicial aspect

of propensity evidence include: "1) how likely is it such evidence will contribute to an improperly-based jury verdict; and 2) the extent to which such evidence will distract the jury from the central issues of the trial." *Id.* The trial court may also consider any other matter it may find relevant. *James*, 204 P.3d at 796. Reviewing these factors, the evidence was relevant and properly admitted, and its probative value was not substantially outweighed by its prejudicial effect. Smith did not object to the propensity evidence relating to J.W. There is no plain error in the admission of that evidence or the failure to record any hearing on the matter. Smith did object to the propensity evidence regarding B.V., and the trial court denied the objection. Because the evidence regarding B.V. was relevant and admissible, the trial court did not abuse its discretion in allowing the testimony. *James*, 204 P.3d at 798.

*Smith v. State*, No. F-2010-363, slip op. at 2-3 (Okla. Crim. App. June 7, 2011) (Dkt. 19-3).

The State gave petitioner notice of its intent to introduce evidence of the continued molestation of J.W. and the rape of B.V. (Dkt.19-7). Petitioner objected only to the evidence concerning B.V., and the objection was denied by the trial court. (Dkt. 19-6 at 2). The trial testimony showed petitioner began raping and molesting J.W. when she was nine years old. Petitioner touched J.W.'s breasts, made J.W. touch his penis with her hands and mouth, and placed his penis inside her vagina and anus. The evidence further proved that prior to the rape at issue in the present case, petitioner raped both J.W. and B.V. in a shed behind petitioner's mother's home. Petitioner told J.W. to go to the car outside the shed while he kept B.V. in the shed with him. After J.W. left, petitioner vaginally raped B.V. After he raped B.V., he summoned J.W. back to the shed and sent B.V. to the car outside. Once J.W. was in the shed with him, he vaginally raped her. (Dkt. 19-6). As argued on appeal, this evidence was probative of petitioner's pattern of molesting young girls, was proven by clear and convincing evidence, was necessary to corroborate J.W.'s account of the molestation and rape, and was required to counter petitioner's total denial of the charges.

"[I]t is not the province of a federal habeas court to reexamine state-court

4

determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citing 28 U.S.C. § 2241; *Rose v. Hodges*, 423 U.S. 19, 21 (1995) (per curium)). A writ of habeas corpus cannot be issued "on the basis of a perceived error of state law 'absent a determination that the state law violation rendered the trial fundamentally unfair.'" *Spears v. Mullin*, 343 F.3d 1215, 1245 (10th Cir. 2003) (quoting *James v. Gibson*, 211 F.3d 543, 545 (10th Cir. 2000), *cert. denied*, 541 U.S. 909 (2004)). Habeas relief will be warranted only when "the probative value of such evidence is so greatly outweighed by the prejudice flowing from its admission that the admission denies [petitioner] due process of law." *Knighton v. Mullin*, 293 F.3d 1165, 1171 (10th Cir. 2002) (quoting *Duvall v. Reynolds*, 139 F.3d 768, 787 (10th Cir. 1998)). Here, the court finds petitioner has failed to present an argument supporting federal habeas relief for Ground I.

**Grounds II, III, and IV**

The respondent alleges petitioner failed to exhaust Grounds II, III, and IV, and if he were to return to state court he would be procedurally barred from any relief for failure to follow proper procedure. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Petitioner claims in Ground II that he suffered double punishment, because the same Information for Murray County District Court Case No. CF-2009-101 was discussed by the State during his jury trial for Marshall County Case No. 2009-100, the case at issue in this habeas action. Petitioner first presented this claim in his second post-conviction application (Dkt. 19-8 at 15), which was denied by the trial court (Dkt. 19-5). He did not appeal the denial of this claim to the Oklahoma Court of Criminal Appeals ("OCCA"). *See* Oklahoma State Court Records at www.oscn.net.

Petitioner asserts in Ground III that both trial and appellate counsel were ineffective in failing to investigate DNA evidence, character witnesses, and alibi witnesses.[1] Counsel also allegedly ignored viable issues such as illegal search and seizure of evidence, corrupt intent, and malicious prosecutor misconduct. These claims were raised in petitioner's first and second post-conviction applications, which were denied by the trial court, but not appealed to the OCCA.

In Ground IV petitioner alleges Marshall County officers illegally obtained photographs of the tattoo on his penis, fraudulently altered the photographs to match the victims' descriptions, and claimed the photographs came from another source.[2] This claim was presented and denied in petitioner's applications for post-conviction relief, and he again

---

[1] Petitioner claimed on direct appeal that trial counsel was ineffective for failing to request a proper instruction on the 85% Rule, failing to object to irrelevant evidence, and failing to adequately investigate DNA evidence. The claims in this habeas petition, however, are substantially different from those raised at the state level. "The fact that [petitioner] asserted some ineffective-assistance claims in state court, therefore, will not suffice to exhaust a significantly different federal habeas claim." *Hawkins v. Mullin*, 291 F.3d 658, 669 (10th Cir. 2002).

[2] On direct appeal petitioner argued the photographs were irrelevant, so their admission constituted error. Because Ground III is substantially different from the claim raised in the state courts, his search and seizure claim is unexhausted. *See Hawkins*, 291 F.3d at 669.

failed to appeal the denials to the OCCA.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

"'[C]ause' under the cause and prejudice test must be something *external* to the petitioner, something that cannot fairly be attributed to him." *Id.* 501 U.S. at 753 (emphasis in original). With respect to the "prejudice" prong of the "cause and prejudice" requirement, a petitioner "must shoulder the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original). To the extent petitioner blames appellate counsel for failure to exhaust the claims in his post-conviction applications, he is not entitled to counsel in post-conviction proceedings. *Smallwood v. Gibson*, 191 F.3d 1257, 1269 (10th Cir. 1999). Furthermore, to the extent he blames his failure to appeal the denial of his post-conviction claims on "extenuating circumstances, inexperience, lock-down status, travel, relocation, and non-access to law library" (Dkt. 1 at 13), ignorance of the law cannot excuse failure to exhaust. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2006). *See also Abeyta v. Estep*, 198 Fed. Appx. 724, 727 (10th Cir. 2006) (unpublished op.), *cert. denied*, 549 U.S. 1143 (2007) ("The district court was well within its discretion to decide that [petitioner's] reasons given for failure to exhaust--including difficulty obtaining the record in his first state post-conviction matter, lack of library access, and lack of counsel--did not

constitute a sufficient showing of justifiable excuse or excusable neglect, let alone good cause (factually or legally) for the failure to exhaust.")

Here, the court finds that application of the procedural bar by the Court of Criminal Appeals would be based on state procedural rules, and petitioner has not met the requirements of a showing of cause and prejudice. Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See Steele v. Young*, 11 F.3d 1518, 1522 n.7 (10th Cir. 1993).

The court further finds that petitioner has failed to demonstrate that application of the procedural bar will result in a fundamental miscarriage of justice. The Tenth Circuit Court of Appeals has held that "[c]ases involving a fundamental miscarriage of justice 'are extraordinary instances when a constitutional violation probably has caused the conviction of one innocent of the crime.'" *Gilbert v. Scott*, 941 F.2d 1065, 1068 n.2 (10th Cir. 1991) (citing *McClesky v. Zant*, 499 U.S. 467, 494 (1991)). Petitioner has not made a colorable showing of factual innocence, so relief cannot be granted. *See Herrera v. Collins*, 506 U.S. 390, 404 (1993); *Kuhlmann v. Wilson*, 477 U.S. 436, 454 (1986).

**ACCORDINGLY**, the Magistrate Judge recommends that this action be, in all respects, dismissed.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the parties are given fourteen (14) days from being served with a copy of this Report and Recommendation to file with the Clerk of the Court any objections with supporting briefs. Failure to file timely written objections to the Magistrate Judge's recommendations may result in waiver of appellate review of factual and legal questions. *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

8

**DATED** this 10th day of August, 2015.

_____
**KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE**